IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 25, 2019

**BERNIE RAY MCGILL v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 112811    Bobby R. McGee, Judge**

_____

**No. E2018-01872-CCA-R3-PC**
_____

The Petitioner, Bernie Ray McGill, appeals the Knox County Criminal Court's denial of his petition for post-conviction relief from his conviction of aggravated assault and ten-year sentence.  On appeal, he contends that the post-conviction court erred by finding that his petition was barred by the statute of limitations because due process required that the statute of limitations be tolled.  Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and J. ROSS DYER, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Bernie Ray McGill.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; and Ta Kisha Monette Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On April 16, 2018, the Petitioner filed an untimely petition for post-conviction relief from his conviction of aggravated assault and resulting ten-year sentence.  In the petition, the Petitioner claimed that he received the ineffective assistance of trial counsel. The post-conviction court appointed counsel and held a hearing to determine whether due process required that the statute of limitations be tolled.

At the outset of the hearing, the State advised the post-conviction court that the Petitioner pled guilty to aggravated assault on February 14, 2017. He received a ten-year sentence to be served on supervised probation, and the judgment of conviction was entered on February 27, 2017. A probation violation report was filed on February 8, 2018; the Petitioner's probation was revoked on March 23, 2018; and he was sent to the Tennessee Department of Correction (TDOC). The Petitioner filed his pro se petition for post-conviction relief on April 16, 2018. The State contended that "what he's trying to do now is to go back and withdraw that guilty plea that's well over a year [old] only because his probation got revoked."

The Petitioner testified on his own behalf that he did not remember if he pled guilty to aggravated assault and that he did not remember coming to court and pleading guilty to the charge. However, he then testified that he filed his petition for post-conviction relief because "they lied to me in the court on the deal, plea bargain." He said that pursuant to his plea agreement, he was supposed to have been released from jail on the day of his guilty plea to aggravated assault. Instead, he was released from jail the day after his guilty plea. The day after his release from jail, his probation officer telephoned his sister and told her that the Petitioner was supposed to be serving probation. The Petitioner said he did not know his guilty plea required probation. He stated that trial counsel represented him in the aggravated assault case and that he did not remember discussing the case with trial counsel prior to his guilty plea.

The Petitioner testified that about one week after he was released from jail, he went to see a doctor about his mental state and began to think his guilty plea was not knowing and voluntary. Two or three weeks after the Petitioner's guilty plea hearing, he told trial counsel that he wanted to withdraw his plea. Trial counsel told the Petitioner that he would "take care of it" by filing a motion to withdraw the plea. Post-conviction counsel asked the Petitioner when he began to question whether trial counsel was actually going to file the motion, and the Petitioner answered, "When they brought me back up on violation." The Petitioner was arrested for the probation violation in February 2018, and trial counsel continued to represent him. They did not discuss withdrawing the guilty plea again, and the Petitioner never asked trial counsel why he did not file the motion to withdraw the plea.

The Petitioner testified that he tried to file a pro se petition for post-conviction relief in January 2018 but that "it didn't go through for some reason." In February 2018, the Petitioner's sister said she would file the petition for him. The Petitioner was in the TDOC, so he and his sister filled out the petition "over the telephone." She mailed it for him, and he thought she mailed it in February 2018. However, he did not have any documentation showing when she mailed it. The Petitioner testified that he and trial

counsel did not talk about filing a petition for post-conviction relief and that they talked for the last time "in court, the day [counsel] got relieved from [the] case."

On cross-examination, the Petitioner testified that he should have been allowed to withdraw his guilty plea because the prosecutor lied to trial counsel in court, telling trial counsel that the Petitioner would "get out that day." The Petitioner acknowledged that he was in jail on the aggravated assault charge because he had "missed court." He also was in custody for a charge in general sessions court for driving under the influence (DUI). The Petitioner said he "made a deal for both of them to be run together and get [him] out that day." At that point, the State showed the Petitioner his plea agreement form. The Petitioner acknowledged that he, trial counsel, and the prosecutor signed the form on February 14, 2017, and that the form showed he pled guilty in criminal court to aggravated assault. The form did not show that he pled guilty to DUI. The Petitioner stated, "I was out of my head that day and my lawyer knows that." The Petitioner said he did not remember pleading guilty to DUI on March 7, 2017, in "DUI court."

The Petitioner testified that after he pled guilty to aggravated assault and was released from jail, he learned he was supposed to serve probation and was "going to get violated" because he had not met with his probation officer. The Petitioner went to see his probation officer and ended up meeting with her a total of six times. He denied "running" from and being arrested by the Roane County police and denied being charged with evading arrest. The trial court revoked his probation for the aggravated assault conviction, and he was sent to the TDOC. He said that his sister had "Power of Attorney over [him]" and that she signed his petition for post-conviction relief.

Trial counsel testified for the State that he was a solo practitioner. Initially, trial counsel was appointed to represent the Petitioner in a felony theft case in general sessions court. Subsequently, the grand jury indicted the Petitioner for aggravated assault, felony vandalism, and domestic assault, and the trial court appointed trial counsel to represent the Petitioner in that case. The Petitioner then "picked up" a DUI charge, and trial counsel was appointed in that case as well. Trial counsel said he negotiated for the Petitioner to plead guilty in the aggravated assault case to "ten years agreed probation." The State showed trial counsel the Petitioner's plea agreement form, and trial counsel said the form showed that the Petitioner pled guilty to aggravated assault in exchange for a sentence of ten years; vandalism in exchange for a sentence of eleven months, twenty-nine days; and domestic assault in exchange for a sentence of eleven months, twenty-nine days. He acknowledged that the form did not show a guilty plea to DUI and said that the DUI case was "still in Sessions at the time."

Trial counsel testified that he and the Petitioner discussed the aggravated assault case prior to the Petitioner's guilty plea. Trial counsel told the Petitioner that he also was

"working on a resolution" in the DUI case and that he thought the Petitioner could serve the sentence for DUI concurrently with the sentence for aggravated assault. On March 7, 2017, the Petitioner pled guilty to DUI, second offense, and was ordered to serve the sentence concurrently with the ten-year sentence for aggravated assault.

Trial counsel testified that he continued to represent the Petitioner in the revocation of his probation for aggravated assault. Trial counsel never talked with the Petitioner about filing a motion to withdraw the Petitioner's guilty plea, and he never told the Petitioner that he was going to file such a motion.

At the conclusion of the hearing, the post-conviction court found that the judgment of conviction was entered on February 27, 2017; that the file-stamp on the petition for post-conviction relief was April 16, 2018; and, therefore, that the petition was filed outside the one-year statute of limitations. Post-conviction counsel argued that the time for filing the petition should be tolled on due process grounds because the Petitioner "reasonably believed that his attorney was going to be filing something on his behalf." However, the post-conviction court disagreed, stating,

> The Court has heard the testimony of Mr. McGill and [trial counsel]. And the Court found the testimony of Mr. McGill to be confusing and confused. And it's understandable, he's had a great deal of business in the courts and it would be easy to get things -- get matters confused. But his testimony was -- in -- during much of the questioning on cross-examination, his testimony was evasive. He was uncooperative as a witness. And what he was trying to convey was -- was confused.

> And -- but his -- he did make a point repeatedly. He says that [trial counsel] told him that he was going to file something . . . to get his plea withdrawn. [Trial counsel] has testified that that didn't happen; that he -- there was no such conversations.

> [T]he Court found [trial counsel's] testimony to be clear, concise. And he was cooperative on the stand. And the Court would find . . . the credibility of [trial counsel] to be persuasive and . . . would hold that . . . the petitioner has failed to establish any due process grounds to set aside -- to toll the statute of limitations -- the one-year limitation period.

- 4 -

Then, also, to establish no basis to justify any further relief. The Court does dismiss the petition.


## II. Analysis


The Petitioner contends that the post-conviction court erred by finding that due process did not require tolling the statute of limitations because "if the [Petitioner] was under the impression, for whatever reason, that his trial counsel was going to somehow 'take care' of vacating the guilty plea, then perhaps those circumstances led to delay in the [Petitioner's] own initiative in arranging, with his sister's assistance, to file one pro se." The State argues that the post-conviction court properly denied the petition. We agree with the State.

"Relief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. However, to obtain relief, the post-conviction petition must be filed within one year of the final action of the highest state appellate court to which an appeal is taken. Tenn. Code Ann. § 40-30-102(a); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief" and that "the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." Tenn. Code Ann. § 40-30-102(a).

Initially, we note that neither the State nor the Petitioner introduced the judgment of conviction into evidence at the post-conviction hearing and that the judgment is not in the appellate record. The post-conviction court found, and the Petitioner does not contest, that the judgment of conviction was entered on February 27, 2017. Because no post-trial motions were filed, the judgment became final thirty days later on March 29, 2017. See State v. Mixon, 983 S.W.2d 661, 670 (Tenn. 1999) ("A judgment becomes final in the trial court thirty days after its entry if no post-trial motions are filed.") The Petitioner filed his petition for post-conviction relief more than one year later on April 16, 2018. Therefore, the petition was untimely. Pursuant to Tennessee Code Annotated section 40-30-102(b), a court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitations unless (1) "[t]he claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required"; (2) "[t]he claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted"; or (3) the claim in the petition "seeks

relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid[.]"

Our supreme court has held that due process also may require tolling the statute of limitations. Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013). "[A] post-conviction petitioner is entitled to due process tolling of the one-year statute of limitations upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." Bush v. State, 428 S.W.3d 1, 22 (Tenn. 2014) (citing Whitehead, 402 S.W.3d at 361). In explaining the first prong of the analysis, the court stated that "pursuing one's rights diligently 'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts [to pursue his or her claim].'" Id. (quoting Whitehead, 402 S.W.3d at 631). "[T]he second prong is met when the prisoner's attorney of record abandons the prisoner or acts in a way directly adverse to the prisoner's interests, such as by actively lying or otherwise misleading the prisoner to believe things about his or her case that are not true." Whitehead, 402 S.W.3d at 631. Moreover, tolling "'must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Id. at 631-32 (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). "The question of whether the post-conviction statute of limitations should be tolled is a mixed question of law and fact that is . . . subject to de novo review." Bush, 428 S.W.3d at 16 (citing Smith v. State, 357 S.W.3d 322, 355 (Tenn. 2011)). Generally, "appellate courts must defer to a post-conviction court's findings with regard to witness credibility, the weight and value of witness testimony, and the resolution of factual issues presented by the evidence." Whitehead, 402 S.W.3d at 621 (citing Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999)).

Turning to the instant case, the Petitioner does not allege that trial counsel committed misconduct with regard to counsel's withdrawal from his case or with regard to the filing of the pro se post-conviction petition. See id. at 632 (concluding that trial counsel's "abandonment" of the defendant prevented him from filing his petition for post-conviction relief before the one-year statute of limitations expired). Instead, he contends that he reasonably believed trial counsel was going to file a motion to withdraw his guilty plea, which caused him to delay filing his pro se petition for post-conviction relief. However, the Petitioner did not explain at the evidentiary hearing and has not explained on appeal how his belief that trial counsel was going to file the motion affected his ability to file the petition in a timely manner. In any event, the post-conviction court discredited the Petitioner's testimony and accredited trial counsel, who testified that he and the Petitioner never discussed withdrawing the Petitioner's guilty plea or filing a

motion to withdraw the plea. Therefore, we conclude that the post-conviction court properly determined that due process did not require tolling the statute of limitations.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

_____
NORMA MCGEE OGLE, JUDGE